IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY DANRICH, as the Special Administrator of the Estate of Decedent CHRISTOPHER JONES<br><br>   Plaintiff,<br><br>vs.<br><br>JASON C. ETTLING,<br><br>Serve: 223 East 3rd St.<br>    Waterloo, IL 62298<br><br>and<br><br>MONROE COUNTY SHERIFF'S DEPARTMENT,<br><br>Serve: Sheriff Daniel Kelley<br>    Monroe County Sheriff's Dept.<br>    225 East 3rd St.<br>    Waterloo, IL 62298<br><br>   Defendants. | No.: 3:09-cv-176-MJR<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Johnny Danrich as the Special Administrator of the Estate of Christopher J. Jones, and for the wrongful death cause of action against Defendants Monroe County Sheriff's Department and Jason C. Ettling, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. That Decedent Christopher J. Jones (hereinafter "Decedent") was at all relevant times a resident of the State of Missouri, and at the time of his death was not married and did not have children.

2. That Johnny Danrich (hereinafter "Danrich") was appointed the Special

Administrator of the Estate of Decedent by Order dated February 23, 2009, in the Circuit Court of Madison County, State of Illinois, styled Petition To Appoint Special Administrator, Case No. 2009-P-0049.

3. That Decedent was survived by Johnny Danrich III (brother), William C. Harden (brother), Janice M. Perry (sister), and Janet M. Roberson (sister), who will hereinafter be referred to as Decedent's "next of kin."

4. That Defendant Jason C. Ettling (hereinafter "Defendant Ettling") is a resident of the State of Illinois, and was at all relevant times acting in the scope and course of his employment by the Monroe County Sheriff's Department.

5. That Defendant Monroe County Sheriff's Department (hereinafter "Defendant Department") is a duly organized law enforcement department of Monroe County, Illinois.

6. That Bluff Road near its intersection with Ziebold Road is an open and public roadway in Monroe County, Illinois, and within the geographical boundaries of this Court's jurisdiction.

7. That on or about August 16, 2008, Decedent was operating his motorcycle in a northbound direction on Bluff Road near its intersection with Ziebold Road when he was struck by a vehicle operated by Defendant Ettling, while Ettling was acting in the scope and course of his employment by Defendant Department.

**COUNT I – WRONGFUL DEATH – DEFENDANT ETTLING**

8. That Danrich alleges and incorporates herein each and every allegation set forth in paragraphs 1 through 7.

9. That Defendant Ettling had a duty of driving with due regard for the safety of all

persons, including Decedent.

    10.    That Defendant Ettling carelessly and negligently breached this duty in the following particulars:

    (a)    He failed to keep a careful lookout while operating his motor vehicle.

    (b)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-701 (625 ILCS 5/11-701) by driving on the wrong side of the road.

    (c)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-802 (625 ILCS 5/11-802) by making a U turn when such a movement could not be made in safety and without interfering with other traffic.

    (d)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-804 (625 ILCS 5/11-804) by failing to use his turn signal or other vehicle light signal to indicate that he was making a turn across the roadway.

    (e)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-902 (625 ILCS 5/11-902) by failing to yield the right-of-way.

    11.    That as a direct and proximate result of the aforesaid negligent acts of Defendant Ettling, Decedent sustained injuries that proved fatal, and damages were suffered, to wit:

    (a)    Decedent's estate has been deprived of the accummulations which otherwise would have been added to it.

    (b)    Decedent's next of kin have lost his support and maintenance.

    (c)    Decedent's next of kin have lost his guidance, service, and companionship.

    (d)    Funeral and burial expenses were incurred.

    12.    That Defendant Ettling's actions constitute wilful and wanton conduct, and exhibit a reckless disregard for the safety of others.

    13.    That this count is being brought as a wrongful death action under the provisions

of the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff prays judgment against Defendant Ettling in an amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS), together with punitive damages, costs herein expended, and any further relief this Court deems just and proper.

### **COUNT II – SURVIVAL ACTION – DEFENDANT ETTLING**

14. That Danrich alleges and incorporates herein each and every allegation set forth in paragraphs 1 through 13.

15. That Defendant Ettling had a duty of driving with due regard for the safety of all persons, including Decedent.

16. That Defendant Ettling carelessly and negligently breached this duty in the following particulars:

    (a) He failed to keep a careful lookout while operating his motor vehicle.

    (b) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-701 (625 ILCS 5/11-701) by driving on the wrong side of the road.

    (c) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-802 (625 ILCS 5/11-802) by making a U turn when such a movement could not be made in safety and without interfering with other traffic.

    (d) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-804 (625 ILCS 5/11-804) by failing to use his turn signal or other vehicle light signal to indicate that he was making a turn across the roadway.

    (e) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-902 (625 ILCS 5/11-902) by failing to yield the right-of-way.

17. That as a direct and proximate result of the aforesaid negligent acts of Defendant Ettling, Decedent sustained injuries that proved fatal, and damages were suffered, to wit:

      (a)      Decedent suffered property damage to his motorcycle as it was destroyed in the accident.

      (b)      Decedent suffered physical and emotional pain from the time of the accident to the time of his eventual death.

18.     That Defendant Ettling's actions constitute wilful and wanton conduct, and exhibit a reckless disregard for the safety of others.

19.     That this count is being brought as a survival action under the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff prays judgment against Defendant Ettling in an amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS), together with punitive damages, costs herein expended, and any further relief this Court deems just and proper.

### COUNT III – WRONGFUL DEATH – DEFENDANT DEPARTMENT

20.     That Danrich alleges and incorporates herein each and every allegation set forth in paragraphs 1 through 19.

21.     That Defendant Ettling had a duty of driving with due regard for the safety of all persons, including Decedent.

22.     That by and through its agent and/or employee Defendant Ettling, Defendant Department carelessly and negligently breached this duty in the following particulars:

      (a)      He failed to keep a careful lookout while operating his motor vehicle.

      (b)      He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-701 (625 ILCS 5/11-701) by driving on the wrong side of the road.

      (c)      He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-802 (625 ILCS 5/11-802) by making a U turn when such a movement could not be made in safety and without interfering with other traffic.

    (d)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-804 (625 ILCS 5/11-804) by failing to use his turn signal or other vehicle light signal to indicate that he was making a turn across the roadway.

    (e)    He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-902 (625 ILCS 5/11-902) by failing to yield the right-of-way.

23.    That as a direct and proximate result of the aforesaid negligent acts of Defendant Department, Decedent sustained injuries that proved fatal, and damages were suffered, to wit:

    (a)    Decedent's estate has been deprived of the accummulations which otherwise would have been added to it.

    (b)    Decedent's next of kin have lost his support and maintenance.

    (c)    Decedent's next of kin have lost his guidance, service, and companionship.

    (d)    Funeral and burial expenses were incurred.

24.    That the aforementioned actions constitute wilful and wanton conduct, and exhibit a reckless disregard for the safety of others.

25.    That this count is being brought as a wrongful death action under the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq*.

WHEREFORE, Plaintiff prays judgment against Defendant Department in an amount in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS), together with punitive damages, costs herein expended, and any further relief this Court deems just and proper.

## **COUNT IV – SURVIVAL ACTION – DEFENDANT DEPARTMENT**

26.    That Danrich alleges and incorporates herein each and every allegation set forth in paragraphs 1 through 25.

27.    That Defendant Ettling had a duty of driving with due regard for the safety of all

persons, including Decedent.

28. That by and through its agent and/or employee Defendant Ettling, Defendant Department carelessly and negligently breached this duty in the following particulars:

    (a) He failed to keep a careful lookout while operating his motor vehicle.

    (b) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-701 (625 ILCS 5/11-701) by driving on the wrong side of the road.

    (c) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-802 (625 ILCS 5/11-802) by making a U turn when such a movement could not be made in safety and without interfering with other traffic.

    (d) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-804 (625 ILCS 5/11-804) by failing to use his turn signal or other vehicle light signal to indicate that he was making a turn across the roadway.

    (e) He operated his motor vehicle in violation of Illinois Vehicle Code Section 11-902 (625 ILCS 5/11-902) by failing to yield the right-of-way.

29. That as a direct and proximate result of the aforesaid negligent acts of Defendant Department, Decedent sustained injuries that proved fatal, and damages were suffered, to wit:

    (a) Decedent suffered property damage to his motorcycle as it was destroyed in the accident.

    (b) Decedent suffered physical and emotional pain from the time of the accident to the time of his eventual death.

30. That the aforementioned actions constitute wilful and wanton conduct, and exhibit a reckless disregard for the safety of others.

31. That this count is being brought as a survival action under the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff prays judgment against Defendant Department in an amount in

excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS), together with punitive damages, costs herein expended, and any further relief this Court deems just and proper.

**HOLLORAN WHITE & SCHWARTZ LLP**

_____s/Thomas E. Schwartz_____
Thomas E. Schwartz, #6281496
Justin D. Guerra, #6295062
2000 So. 8th Street
St. Louis, Missouri 63104
314/772-8989
314/772-8990 Fax
Tschwartz@holloranlaw.com

*ATTORNEYS FOR PLAINTIFF*